McCune *v.* Commercial Pub. Co.*

(Division B.   Oct. 17, 1927.)

[114 So. 268.   No. 26170.]

1. Set-off and Counterclaim. *Trial court properly held in action on contract that unliquidated damages arising out of different contract could not be set off.*

   In suit for balance due under contract, lower court properly held that unliquidated damages arising out of breach of contract, dif-

ferent and disconnected from contract sued on, could not be set off in such action.

2. TRIAL. *Chancellor had right, within reasonable discretion, to extend time for filing pleadings after transfer of cause.*
Chancellor had right, within reasonable discretion, to extend time for filing of pleadings after transfer of cause to chancery court.

3. APPEAL AND ERROR. *Chancellor's finding of fact as to delay in filing of pleadings will not be disturbed when not manifestly wrong.*
Finding of fact of chancellor as to delay in filing of pleadings after transfer of cause on account of alleged differences between counsel will not be disturbed by supreme court when not manifestly wrong.

4. JUDGES. *Motion to recuse chancellor because of relationship must be filed before case is heard or as soon as counsel has knowledge thereof.*
Motion to recuse chancellor as being disqualified because of relationship with one of parties must be filed before case is heard or as soon as counsel knew of fact of relationship.

5. APPEAL AND ERROR. *Question arising on ruling by circuit judge before transfer of cause is not properly before supreme court on appeal from chancery court.*
Where demurrer to plea of set-off was sustained by circuit judge before transfer of cause to chancery court, question of correctness of ruling is not properly before supreme court for decision on appeal from chancery court's action under pleadings therein, in absence of ruling on that question before chancellor.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 684, n. 13, 14; p. 876, n. 78; p. 899, n. 95; Judges, 33CJ, p. 1013, n. 34, 35; p. 1014, n. 45; Recoupment, Set-Off and Counter-Claim; 34Cyc, p. 696, n. 28; Trial, 38Cyc, p. 1291, n. 2.

APPEAL from chancery court of Attala county.
HON. T. P. GUYTON, Chancellor.
Action by the Commercial Publishing Company against F. G. McCune. Decree for plaintiff, and defendant appeals. Affirmed and remanded.

*H. T. Leonard,* for appellant.

I. As to the first ground of demurrer, that it is a plea or claim for unliquidated damages against an open

stated account, we say the two claims are almost identical, both alleging a breach of contract, and both alleging consequent loss in the amounts stated. If one is unliquidated, both are; if one unascertained, both are. Because it happens to be a different transaction does not make the nature of the demand different, and all the law requires is a mutuality of indebtedness. Section 528, Hemingway's Code; *Wilkinson* v. *Searles,* 70 Miss. 392, 13 So. 470.; *Miller* v. *American Nat'l Bank,* 76 Miss. 84, 23 So. 439.

II.   Other assignments of error grow out of the transfer of the case from the circuit to the chancery court, authority for which is contained in section 163, Constitution of 1890, and sections 732-33, Hemingway's Code.

Section 733, Hemingway's Code, does not refer to the court to which the cause is transferred, but the court *from* which it was transferred. For example, the circuit court of Attala county at which the transfer was made was in September. Said section provides the bill shall be filed *within thirty days.* The chancery court did not convene until the second Monday of December, which is more than ninety days after the order of transfer was made. The order, if it could be made by the chancery court, could not date back and be made retroactive. Then also at the December term, 1924, when the order was entered granting complainant sixty days from said date to file said bill, this being fifteen months after the order of transfer, the court was without power to revive an extinct cause and by its edict breathe into its nostrils the breath of life. If the court had no jurisdiction to pass on the motion to dismiss at the December term, 1923, when the motion was first presented, and for the same reason at the December term, 1924, it certainly had no authority to grant complainant sixty days in which to revive his cause.

The only authority of law, or of this court to take such an order to overrule such motion, would be contained

in the decision of this court in *Foote-Patrick* v. *Caledonia Ins. Co.*, 113 Miss. 419, 74 So. 292. In that case the complainant used all due diligence in having its bill filed as soon as the papers were deposited in said court. In that case there was no showing of laches or negligence in preserving its rights. On the contrary, it appears that the complainant did everything required of it by law. In the case at bar, the exact opposite appears to be the case.

The point may be raised, as it was raised in the lower court, that complainant was not required to file new pleadings, or a bill in said court, but that the filing by the clerk of the declaration in the chancery court met the requirements of the statute. The above cited decision does not so construe it. In fact, it cannot be reasonably construed that a refiling of the declaration by the chancery clerk constitutes a filing of the pleadings in the court to which it is transferred.

We therefore earnestly submit that after the expiration of thirty days from the time the case was filed and papers deposited in the chancery court that the court was without authority to revive the case and the plaintiff was guilty of such gross laches as to forfeit all right to proceed further.

III. The third ground of assignment is that the trial court erred in overruling defendant's plea and application to dismiss said cause on the grounds of laches and failure of complainant to file the bill in time.

The negligent delay of the plaintiff had worked great and serious injury to defendant's legal defense. The intervention of two or three terms of court without any action being taken on its part had led defendant to believe the case had been abandoned and defendant, McCune, had sold out his business interests in Mississippi and moved himself and family to California where he now lives. To return for the defense of said cause would entail a great hardship upon him in having to leave his

business and return for that case, besides great financial expense. In addition one of the co-defendants, C. C. Comfort, an important witness had since died. Also one of the co-guarantors of his contract, A. J. Sallis, had since died; and he would be deprived of the testimony of the said A. J. Sallis, which was very material to the proper defense of his case.

All of these facts, together with the laches of the complainant in taking any steps whatever to properly present its case to the chancery court had so seriously impaired defendant's legal rights as to deprive him of his day in court.

IV. The court erred in assuming jurisdiction of said cause and attempting to enter any order therein after motion had been filed to recuse, and its attention had been called to the disqualification of the presiding judge on the ground of relationship to one of the parties. Section 165, Constitution of Mississippi; section 715, Hemingway's Code of 1917; *Y. & M. V. R. R. Co.* v. *Kirk,* 102 Miss. 41, 58 So. 710; *Dodd* v. *Kelly,* 107 Miss. 471, 65 So. 561.

*D. H. Glass,* for appellee.

I. The plea of set-off sets up a breach of contract wholly different from the contract in this suit, and claims as a set-off against the amount sued for unliquidated damages in an amount in excess of the amount sued for. This court has held in quite a number of cases that unliquidated damages cannot be claimed as a set-off against a stated account. *Burrus* v. *Gordon,* 57 Miss. 93; *W. T. Adams Co.* v. *Thomas,* 87 Miss. 391; *Whitaker* v. *Robinson,* 8 S. & M. 349; *Turner* v. *McAdory,* 58 Miss. 27; *Casper* v. *Thigpen,* 48 Miss. 365.

II. Appellant also complains that the chancery court erred in overruling his motion to dismiss said cause for

failure of complainant to file his bill of complaint within the sixty days and allowing appellee sixty days in which to file said bill in chancery.

The record shows that there was a misunderstanding between the attorneys representing the appellant and appellee and that evidence was taken before the court touching all matters connected therewith, and that after the court had heard and considered all matters connected with or bearing on this matter, the said court allowed the said bill in chancery to be filed out of time.

Matters of extending the time in which pleadings shall be filed are matters of judicial discretion for the trial court to exercise, after considering all the circumstances. By this extension of time no one could be injured.

III. Appellant further complains that the court erred in overruling his plea and application to dismiss this cause on the ground of laches and failure of complainant to file within the time allowed by law, which is practically the same error that appellant complains of in his assignment of error.

The court heard the evidence on said motion and went into the matter very carefully and after a full hearing and consideration decided that in view of all the facts that appellee was not guilty of laches and accordingly overruled the motion of appellant. The law in this state is to the effect that delay does not amount to laches when delay is the only question raised, *Comans et al.* v. *Tapley et al.*, 57 So. 567; *Brown, State Land Commissioner,* v. *Alexander et al.*, 79 So. 842.

IV. Appellant claims that the court erred in assuming jurisdiction of said cause in attempting to enter an order therein after a motion had been filed to recuse, and his attention had been called to the disqualifications of the presiding judge on the ground of relationship to the parties. Appellant raised no question as to the acts of the chancellor done before said motion was called to

his attention. The chancellor had announced his ruling before the appellant ever made known to him that such motion was on file. This question cannot be brought before this court at this time for the reason that the appellant expressly stated to the court that he raised no question as to the qualification of the court prior to the calling of said motion to the attention of the court.

Argued orally by *H. T. Leonard,* for appellant, and *D. H. Glass,* for appellee.

Holden, P. J., delivered the opinion of the court.

The Commercial Publishing Company, appellee, sued F. G. McCune, appellant, for four hundred twenty-five dollars and sixty-five cents, in the circuit court, as a balance due by McCune to the Commercial Publishing Company under a contract for the agency and sale and delivery of the daily Commercial Appeal, at Kosciusko. The case has drifted along for several years, having been begun in the circuit court, but transferred to the chancery court, and after several rulings in both courts, McCune appeals here to settle the different propositions of law involved.

The case, in short, is that McCune contracted with the publishing company to sell the daily Commercial Appeal, at Kosciusko, and to pay the Commercial Publishing Company an agreed price for the papers. McCune entered into a bond in the sum of five hundred dollars to secure the payment of any amount he might be due the publishing company. This bond was signed by two sureties, but as the two sureties seemed to have faded out of the case in the lower court, we shall not mention them again herein.

McCune became indebted to the publishing company in the sum of four hundred twenty-five dollars and sixty-five cents; and made default in the payment thereof. Suit was filed in the circuit court for the amount, and McCune filed a plea of set-off against the account; the

set-off consisted of a claim of one thousand dollars as unliquidated damages arising out of a breach of contract, different and disconnected from the contract sued on in the case. The publishing company demurred to the plea of set-off, and the circuit judge sustained the demurrer under the familiar rule of law that unliquidated damages cannot be used as a set-off in a suit for debt. Complaint is made here as to this ruling of the circuit judge, but we think the complaint is without merit.

The appellant, McCune, then moved the court to transfer the cause to the chancery court of Attala county, which motion was sustained. Following this order, papers in the case were duly filed with the chancery clerk of said county. It seems that one of the parties, the publishing company, thought for a while, it would appeal the case to the supreme court on the question as to whether or not the suit should have been transferred to the chancery court; however, this appeal was not prosecuted to the supreme court. Then, a controversy arose between counsel in the case as to when the pleadings could be filed in the chancery court. The publishing company failed to file its bill within the time required by the statute, but the court had granted sixty days in which to file it, and then granted an additional sixty days' time for its filing. The bill was finally filed.

The record discloses that there was a controversy between the attorneys as to what agreements they had with reference to delaying the trial, and as to other alleged understandings or misunderstandings between them. The chancellor heard all of the testimony as to these differences of fact between the attorneys, and decided, upon a conflict, that the publishing company should not be dismissed on the ground of laches, or for any other reason.

McCune, the appellant, contends that the court erred in not sustaining his motion to dismiss the suit on account of laches of the publishing company. We do not think this point is maintainable. The chancellor had the

right, within reasonable discretion, to extend the time for the filing of the pleadings in the case; and his finding of fact as to the delay in the filing of the pleadings, on account of alleged agreements between counsel, not being manifestly wrong, will not be disturbed by this court.

The appellant, McCune, next urges that the lower court erred in entertaining jurisdiction of the cause, after a motion had been filed to recuse the chancellor as being disqualified because of relationship to one of the parties. The motion was made after the case had been heard by the chancellor. The court did not know, nor was his attention called to the fact that he was related to one of the parties to the suit until after his decision on the merits of the case had been reached and made known. We disagree with the position taken by counsel, because the motion to recuse should have been filed before the case was heard by the chancellor, or as soon as counsel knew of the fact of relationship to one of the parties.

Courts are not to be trifled with in such matters. Judges do not have any desire to sit in cases where they are disqualified for any reason, and it is only fair that notice be given the judge of any such disqualification before he hears the case so that he may recuse himself. Any other rule might result in an unfair advantage being taken in a case where an attorney who moves against a judge, might wait until after he could ascertain whether the decision would be for or against him; and, if against him, he would file a motion to recuse, but if for him, he would accept it without complaint.

It will be observed that the question of whether the circuit judge erred in sustaining the demurrer to the plea of set-off is not properly before us for decision, because the case was at that time in the circuit court, but was afterwards transferred to the chancery court where the pleadings were filed; and the present appeal is from the chancery court's action under the chancery pleadings, and we find no ruling made on that question before the chancellor. However, we have herein-

before decided the point, so that the case may go back and be tried on the very simple question of whether McCune is indebted to the publishing company for the daily Commercial Appeal furnished him under contract in the case. The decree is affirmed and the cause remanded.

*Affirmed and remanded.*