In re Extension of the Boundaries of the City of Indianola.

No. 39945 February 13, 1956 85 So. 2d 212

*Lyon, Davis & Price, Cooper & Harper,* Indianola, for appellant.

*Neill, Clark & Townsend,* Indianola, for appellee.

McGᴇʜᴇᴇ, C. J.

This is an appeal from the Chancery Court of Sunflower County which approved an ordinance of the mayor and board of aldermen of the City of Indianola under and by virtue of the authority vested in the chancery court by Chapter 491, Laws of 1950. The decree appealed from expressly adjudged that "such enlargement of the limits or boundaries of said City of Indianola is reasonable and is required by the public convenience and necessity. * * *."

It appears that on June 30, 1954, the court had disapproved as unreasonable and as not being required by the public convenience and necessity a similar ordinance which provided for the extension of the corporate limits of the city so as to include approximately 370 acres of

land, including practically all the three parcels of land sought to be included by the present proceeding, the three parcels now involved consisting of approximately 40 acres or less. No substantial change has occurred in the matter of improvements on the three parcels of land since the hearing of the former proceeding, but it was shown that although the City of Indianola has been without a sanitary sewerage system throughout the entire area of the city prior to the former proceeding, it has since that time issued bonds in the sum of $550,000, for the installation of a sanitary sewerage system in the existing corporate limits of the city and the municipal authorities intend to extend the system into the area proposed to be added and to pay for such extension beyond the present corporate limits out of funds other than the proceeds of the bond issue, in the event they are permitted to add the proposed additional territory. The fact that a municipal corporation would like to install a sanitary sewerage system in the territory to be added at the same time the same is being installed within the present corporate limits is not a sufficient ground for extending the city boundaries at the present time.

There is no substantial conflict in the testimony wherein it is shown that Area A has no residences, is largely farm lands, has no recently constructed buildings for the operation of new industries, and it has located thereon only about four business establishments; that Area B has only ten residences and no business houses, and none of these residences have been built since at some time prior to the former proceeding. This Area B. is mostly farm land owned by Dr. B. H. Campbell on which there is no improvement, the farm land constituting only part of Area B; and that Area C has ten residences facing an improved public road.

At the conclusion of the evidence offered by the petitioner, mayor and board of aldermen, under the provi-

sions of said Chapter 491, Laws of 1950, the petitioner made a motion for the trial judge to go and view the three areas proposed to be added. In response to this motion the chancellor stated that it would not be necessary that he do so, for the reason that he was familiar with the situation. It is stated in the brief of the appellant that the hearing had in June of 1954 consumed several days, and so far as we know the chancellor may have become familiar with these three areas at that time since they were involved in that proceeding. As an appellate court we cannot visualize the situation that he would have found if he had sustained the motion and had viewed the three parcels of land, having in view their respective locations. Nor can we discern what the chancellor had in mind in view of his familiarity with the three areas proposed to be added. The case is somewhat close as to the immediate urgency for these three parcels of land to be included within the corporate limits, and although the chancellor was not bound by the adjudication of the mayor and board of aldermen that the proposed extension was reasonable, and had the right to determine for himself whether the extension was reasonable and was required by the public convenience and necessity, we think he was entitled to give some weight to the opinion of the city authorities whose responsibility it was to determine whether or not they were justified in asking the approval of the chancery court of the ordinance here involved which they had adopted subject to the court's approval.

 █ Under the provisions of Chapter 491, Laws of 1950, when a proceeding for the enlargement or contraction of the corporate limits of a municipality is initiated by the city authorities the burden of proof is upon them to establish that the proposal is reasonable and that the public convenience and necessity requires that the proposal be approved. In this connection we were in error in saying in the case of White v. Town of Drew, 214 Miss.

147, 58 So. 2d 372, where the proceeding was initiated by the Town of Drew, that the burden of proof was on the objectors. This error was due to the fact that under the cases decided prior to the enactment of Chapter 491, Laws of 1950, the hearing was in the circuit court before a jury and the burden of proof was on the objectors under the former statutes, whereas, under Chapter 491, Laws of 1950, the burden of proof is upon the city authorities when the proceeding is initiated by them, and is upon the electors when they initiate proceedings in the chancery court to either include or exclude territory from the municipality. As hereinbefore shown the instant proceeding was initiated by the municipality, and it carried the burden of proof as to the reasonableness of the ordinance and as to whether the public convenience and necessity required its approval. ██ █ We are unable to say on the merits of the case that the chancellor was in error in approving the ordinance in question.

It is also urged that since these three parcels of land were included in the former proceeding, and the court then had the authority to modify the ordinance then involved by including these areas in the corporate limits and rejecting the remainder of the 370 acres involved in that proceeding, the court's failure to include these three parcels is res adjudicata as to them for at least during the period of two years from the date of the former decree, in view of the provision in Section 19 of the act which provides: "No petition for the inclusion or exclusion of any territory under this *section* shall be filed within two years from the date of any adverse determination of any proceedings originated under this *act* for the inclusion or exclusion of the same territory." (Italics ours). In the first place the statute contains 33 sections and the above quoted provision only appears in Section 19, where it is provided that electors may initiate proceedings to be included or excluded, and in the second place, the former proceeding could not be res adjudicata

temporarily. It would be res adjudicata permanently or not at all.

Finally it is urged as one of the principal reasons why the decree of the trial court should be reversed that the two-year limitation against the initiation of a new proceeding applies to where they are initiated by the municipality the same as it applies when the electors are initiating new proceedings, after an adverse determination of a former proceeding. It is sufficient to say that the provisions of the statute dealing with the manner, procedure and the right of the municipal authorities to enlarge or contract the corporate limits do not contain any restriction or limitation on the right of the municipal authorities to proceed under Sections 10, 11, 12 and 13 of the act as often as they may think that the proposed enlargement or contraction is reasonable and is required by the then public convenience and necessity, all subject to the approval of the chancery court.

The appellants argue that there is no good reason why the electors should be limited to two years before they can initiate a proceeding under Section 19 of the act after an adverse determination of a former proceeding involving the same territory and the municipal authorities be permitted to institute a new proceeding whenever they should so determine after a former petition by them has been denied. However, we think that it was a matter for the determination of the Legislature as to whether or not more latitude should be allowed to municipal authorities acting on behalf of the public than is allowed to individual objectors. We think it clear that the statute does not limit the time within which a municipality may institute a new proceeding.

Therefore, the decision of the trial court must be affirmed.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ., concur.*