332 So.2d 749 (1976)
CITY OF BILOXI, Mississippi
v.
James O. CAWLEY et al.
No. 48635.
Supreme Court of Mississippi.
May 25, 1976.
Watkins, Pyle, Ludlam, Winter & Stennis, Jackson, Pringle & Pringle, Biloxi, Mize, Thompson & Blass, Gulfport, for appellant.
Kelly McKoin, Louis Hengen, Biloxi, Greaves, Terry & Hunter, Gulfport, for appellees.
Before PATTERSON, ROBERTSON and SUGG, JJ.
SUGG, Justice:
This appeal is from a decree of the Chancery Court of the Second Judicial District of Harrison County holding that the ordinance of the City of Biloxi proposing to annex additional territory was not reasonable.
The City first contends that the chancellor should have recused himself from hearing the case and further, following the entry of the final decree, should have set the decree aside when the City filed a motion for that purpose. This contention is based on a statement contained in the affidavit of one of the attorneys for the City attached to the motion to set aside the decree wherein it is alleged that the chancellor made the following statement:
I agree that the people in the territory proposed to be annexed should have the right to vote on the question of their being taken into the municipality through an annexation proceeding. However, the present statutes of the State of Mississippi do not provide for such an election and this Court can't change the statutes.
In Yazoo & Mississippi Valley R.R. v. Kirk, 102 Miss. 41, 58 So. 710 (1912), the circuit judge hearing the case was disqualified under Section 165 of the Constitution *750 of 1890 because he was related to the plaintiff's attorney. The Court held that in such case the disqualification of the judge may be waived by the consent of the parties and the judge, and his judgment is not void per se but only voidable, hence his disqualification must be timely suggested or it will be considered waived. The Court also held that, when defendant's attorneys did not learn of the facts disqualifying the judge until after a verdict in the case, an objection was timely if made on a motion for a new trial.
In other cases we have held that a party desiring to suggest the disqualification of a judge must do so before the trial of the case or as soon as counsel knows of the facts of disqualification. McCune v. Commercial Pub. Co., 148 Miss. 164, 114 So. 268 (1927), and Shireman v. Wildberger, 125 Miss. 499, 87 So. 657 (1921). In McCune the Court stated:
Courts are not to be trifled with in such matters. Judges do not have any desire to sit in cases where they are disqualified for any reason, and it is only fair that notice be given the judge of any such disqualification before he hears the case so that he may recuse himself. Any other rule might result in an unfair advantage being taken in a case where an attorney, who moves against a judge, might wait until after he could ascertain whether the decision would be for or against him; and, if against him, he would file a motion to recuse, but if for him, he would accept it without complaint. (148 Miss. at 172, 114 So. at 269).
The statement attributed to the chancellor was made before the case was tried but the City did not file a motion suggesting that he recuse himself until after the final decree was entered. The motion to set aside the decree on the ground that the chancellor was biased is not well taken for two reasons: first, the City elected to proceed with the trial without suggesting that the chancellor recuse himself and is bound by its election; second, the statement of the chancellor does not reflect any bias or prejudice and the fact that the City was not successful in its lawsuit does not give credence to its argument that the chancellor was biased. It is not uncommon for judges to be called on to apply law with which they may not personally agree, but this they must do because it is implicit in our judicial system that judges follow the law. The statement of the chancellor amounted to no more than his personal opinion that he thought people should have the right to vote on the question of annexation, but he was careful to note that his personal belief was not the law and he could not change the statutory law on the subject.
The City next argues that since the chancellor in an annexation case is limited to the question of whether the annexation ordinance is reasonable, the rule concerning reversal of finding of facts by the chancellor should not be applied as rigidly as in those cases where the chancellor is not limited to the determination of one question. This was answered adversely to the argument of the City in City of Picayune v. Quick & Grice, Inc., 238 Miss. 429, 117 So.2d 718 (1960), in which we held:
[I]t is a well-settled rule in our jurisprudence that the decision of a chancellor on an issue of fact where the testimony is conflicting will not be disturbed unless we are able to say that from all the evidence he was manifestly wrong, or that his decree was clearly against the overwhelming weight of the evidence. (238 Miss. at 434, 117 So.2d at 720).
Accord, In re The Enlargement of The Municipal Boundaries of The City of Forest, 247 Miss. 340, 153 So.2d 688 (1963), in which we stated:
The burden of proof was on the city to establish that the enlargement of its boundaries was reasonable, and if the chancellor's finding of reasonableness or unreasonableness was supported by substantial evidence, then this Court will *751 not disturb the chancellor's findings. Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319. (247 Miss. at 342, 153 So.2d at 689).
It is true that the chancellor in an annexation case is limited to a determination of the question of whether the proposed annexation is reasonable; however, in deciding this issue the chancellor acts with the same authority as in any other chancery matter. We will not disturb his finding of facts unless we are able to say from all the evidence that the decree was manifestly wrong or clearly against the overwhelming weight of the evidence.
We have carefully reviewed the evidence and are unable to say that the decree of the chancellor is manifestly wrong or clearly against the overwhelming weight of the evidence.
Biloxi is located on a peninsula and is separated from the mainland territory proposed to be annexed by a navigable body of water varying from 1700 feet to 7,000 feet in width. In Bridges v. City of Biloxi, 253 Miss. 812, 178 So.2d 683 (1965), this Court stated:
The City of Biloxi cannot expand in any direction except to the west and the area proposed to be annexed is the only area into which the City can expand, being bounded by water in all other directions. (253 Miss. at 819, 178 So.2d at 685).
......
As already pointed out the City of Biloxi can expand in only one direction, the area included in the annexation ordinance lying to the west of the present city limits. (253 Miss. at 821, 178 So.2d at 686).
The City's brief in Bridges cited several reasons for affirming the chancellor's decree allowing annexation of territory to the west, one of which follows:
Second, because of the fact that Biloxi is situated upon a peninsula as reflected by the evidence, it cannot reasonably be contended that there is any other direction for the city to expand other than that proposed by the Ordinance ratified by the court below.
Since the peninsula on which Biloxi is located is separated from the territory proposed to be annexed, it is apparent from a review of the evidence that grave problems do indeed exist in attempting to expand across this body of navigable water. Annexation of the territory north of Biloxi Bay would necessitate some duplication of facilities and personnel in order to render the services proposed by the ordinance of annexation. We do not hold as a matter of law that a city cannot expand across a natural barrier such as a navigable stream or bay, but it must prove that expansion across such natural barrier is reasonable.
In his opinion the chancellor set forth some of the evidentiary matters considered by him in holding that the ordinance was not reasonable, one being: "The municipal facilities and services lacking to the citizens of the present City of Biloxi, the time element (nine years and still incomplete) for providing water and sewage in the previously annexed West Biloxi area." The chancellor properly considered the past performance of the City in providing services proposed under a previous ordinance as an indicia of whether it could or would furnish the services proposed in the ordinance under consideration in this case within a reasonable time.
Since the chancellor reached the conclusion that the proposed annexation was not reasonable, he dismissed the suit, and we are unable to say, after studying the voluminous record, that he was manifestly wrong in his conclusion. We therefore affirm the decree appealed from.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, WALKER, BROOM and LEE, JJ., concur.