344 So.2d 130 (1977)
Veronica DAMPIER
v.
LAWRENCE COUNTY SCHOOL DISTRICT.
No. 49283.
Supreme Court of Mississippi.
March 30, 1977.
*131 Brown, Alexander & Sanders, Firnist J. Alexander, Jr., Jackson, for appellant.
William A. Allain, Jackson, for appellee.
Before INZER, SUGG and LEE, JJ.
LEE, Justice, for the Court:
This is an appeal from the Lawrence County Chancery Court affirming action of the Lawrence County School Board in not rehiring Mrs. Veronica Dampier, a school librarian.
The case arises under the Public School Fair Dismissal Act, Mississippi Code Annotated §§ 37-9-101, et seq. (Supp. 1976), and the only error assigned is that appellant was denied due process of law and fundamental fairness in that the hearing was not held before an impartial tribunal, since the same board that declined to renew her contract also reviewed her case.
Appellant does not contend that statutory requirements were not complied with. The record indicates that appellant was given proper notices and that the act was strictly followed. She simply argues on this appeal that appellee was both prosecutor and judge in the matter and that, as a result, she was denied a fair and impartial hearing in violation of her constitutional rights.
No complaint was made to appellee, or during the proceedings before appellee, that appellant could not obtain a fair and impartial hearing, and no suggestion or request was made that the members of the board of education recuse themselves or that they were disqualified to hear the matter because of interest, bias, or prejudice. Although this Court has held that failure to make such objection at the trial waives the point [City of Biloxi v. Cawley, 332 So.2d 749 (Miss. 1976) and McCune v. Commercial Pub. Co., 148 Miss. 164, 114 So. 268 (1927)], we address the constitutional question.
Appellee was without authority to employ appellant except upon recommendation of the school principal [Mississippi Code Annotated § 37-9-17 (1972), and Lott v. State, ex rel. Kelly, 239 Miss. 97, 121 So.2d 402 (1960)]. Principal Huff declined to recommend appellant for reemployment with the school district, and she was simply notified by the superintendent that she had not been reemployed. There is nothing in the record to indicate that members of the Lawrence County Board of Education were aware of the reasons why appellant was not recommended by the principal and why she was not rehired, until the matter was actually heard.
In Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the Wisconsin State Examining Board notified a physician that an investigative hearing would be conducted to determine whether he had engaged in certain proscribed acts. The Board notified him that a contested hearing would be held to determine whether he had engaged in acts that were prohibited. The physician obtained an injunction from the federal district court enjoining the Board from holding the contested hearing on the ground that it violated the Constitution for the Board both to investigate and to determine the facts. Thereafter, a three-judge district court held that the Wisconsin statutes allowing the Board to act both as an investigative body and a decision-making body were unconstitutional, and an appeal was taken to the Supreme *132 Court of the United States. That Court reversed and stated:
"The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." 421 U.S. at 47, 95 S.Ct. at 1464, 43 L.Ed.2d at 723-724.
See also Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) and F.T.C. v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948).
We think that Hortonville Joint School District No. 1 v. Hortonville Educational Asso., 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976) is dispositive of this case. There, certain teachers went on strike and the school board held disciplinary hearings, treating the teachers as a group. The teachers contended that the board was not impartial and that due process required an independent, unbiased decisionmaker. After the hearing, all the teachers were discharged by the board. In affirming the action of the board and holding that the teachers' constitutional rights were not violated by the hearing before that board, the Supreme Court said:
"Respondents' argument rests in part on doctrines that have no application to this case. They seem to argue the Board members had some personal or official stake in the decision whether the teachers should be dismissed, comparable to the stake the Court saw in Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243 (1927), or Ward v. Village of Monroeville, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267, 61 Ohio Ops.2d 292 (1972); see also Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), and that the Board has manifested some personal bitterness toward the teachers, aroused by teacher criticism of the Board during the strike, see, e.g., Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). Even assuming those cases state the governing standards when the decisionmaker is a public employer dealing with employees, the teachers did not show, and the Wisconsin courts did not find, that the Board members had the kind of personal or financial stake in the decision that might create a conflict of interest, and there is nothing in the record to support charges of personal animosity.
* * * * * *
Respondents have failed to demonstrate that the decision to terminate their employment was infected by the sort of bias that we have held to disqualify other decisionmakers as a matter of federal due process. A showing that the Board was `involved' in the events preceding this decision, in light of the important interest in leaving with the Board the power given by the state legislature, is not enough to overcome the presumption of honesty and integrity in policymakers with decisionmaking power. Cf. Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). Accordingly, we hold that the Due Process Clause of the Fourteenth Amendment did not guarantee respondents that the decision to terminate their employment would be made or reviewed by a body other than the School Board." 426 U.S. at 491, 496, 96 S.Ct. at 2313-14, 2316, 49 L.Ed.2d at 8-9, 11-12.
We, therefore, hold that appellant was not denied due process of law in the hearing before the Lawrence County School Board.
Although the question of procedure before the Lawrence County Chancery Court is not presented or argued, in view of our holding in Smith v. Magee Attendance Center, 335 So.2d 903 (Miss. 1976), and Board of *133 Trustees of Pass Christian Municipal Separate School District v. Acker, 326 So.2d 799 (Miss. 1976), which held that a de novo hearing in the chancery court under the Public School Fair Dismissal Act is unconstitutional, we distinguish the present case.
At the outset of the hearing before the chancellor, counsel for appellee advised the court that, in his opinion, the matter should be heard on the record made before the school board and not as a de novo hearing. The chancellor agreed that the matter should be heard on the school board record, and that record was filed in the proceeding. However, at the insistence of appellant, the chancellor permitted introduction of additional testimony. When rendering the decree affirming the action of the school board, the chancellor found "that the action taken by the Lawrence County Board of Education was not arbitrary or capricious and is supported by substantial evidence based upon the record made before the Lawrence County School Board." It is apparent that the chancellor made his finding and entered the decree as an appellate court on the record made before the Lawrence County School Board and not on a de novo hearing, even though he permitted witnesses to be introduced.
We, therefore, are of the opinion that the case should be and it is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.