# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00004-SCT

*DAVID FOSTER a/k/a DAVID ARISTOTLE FOSTER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/28/95 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/16/98 |
| MOTION FOR REHEARING FILED: | 5/4/98 |
| MANDATE ISSUED: | 7/2/98 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## I. <u>INTRODUCTION</u>

¶1. This case arises from the trial court's denial of post-conviction relief to the appellant, David Foster. On appeal, Foster raises the following issues for consideration by this Court:

**A. WHETHER THE APPELLANT WAS PROPERLY SENTENCED AS AN HABITUAL OFFENDER?**

**B. WHETHER THE LOWER COURT COMMITTED "PLAIN ERROR" BY IMPROPERLY PARTICIPATING IN PLEA DISCUSSIONS?**

**C. WHETHER THE LOWER COURT SUBJECTED THE APPELLANT TO DOUBLE JEOPARDY BY BREACHING ITS ACCEPTANCE OF THE PLEA AGREEMENT; AND IF SO, WHETHER THE APPELLANT IS ENTITLED TO SPECIFIC PERFORMANCE OF THE AGREEMENT?**

**D. WHETHER THE APPELLANT ENTERED A VOLUNTARY PLEA OF GUILTY?**

**E. WHETHER THE APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL BEFORE AND DURING HIS GUILTY PLEA HEARING AND SENTENCING HEARING?**

¶2. This Court finds that Foster's arguments are without merit. Accordingly, the trial court's denial of post-conviction relief is affirmed.

## II. <u>LEGAL ANALYSIS</u>

¶3. On April 21, 1994, David Foster was indicted for grand larceny and larceny under lease. On July 23, 1994, he was indicted for armed robbery. In November, 1994, Foster pled guilty to grand larceny as an habitual offender, and was sentenced to five years in prison without parole. In addition, he pled guilty to robbery without the use of a deadly weapon as an habitual offender, and was sentenced to fifteen years in prison without parole. Nolle prosequi was issued on the charge of larceny under lease.

¶4. On October 16, 1995, Foster moved to vacate the habitual offender portion of his sentence on two grounds: (1) the indictment did not include the previous convictions; and, (2) the enhancement used in the indictment came after the words "against the peace and dignity of the State of Mississippi." The circuit judge denied the motion November 28, 1995. Foster now raises this same argument on appeal:

**A. WHETHER THE APPELLANT WAS PROPERLY SENTENCED AS AN HABITUAL OFFENDER?**

¶5. Foster challenges the validity of the portion of the indictment in which he was charged as an habitual offender. He bases his argument on the fact that the habitual offender language (along with the signature of the Grand Jury Foreman) came after the conclusion of the indictment. However, Foster waived this argument when he entered his valid plea of guilty. ***Brandau v. State***, 662 So. 2d 1051, 1054-55 (Miss. 1995).

**B. WHETHER THE LOWER COURT COMMITTED "PLAIN ERROR" BY IMPROPERLY PARTICIPATING IN PLEA DISCUSSIONS?**

¶6. Foster next alleges that the circuit judge became improperly involved in the plea discussions on the grand larceny charge. The record reflects that, the trial judge made the following statements at the plea hearing:

> Without going into an extreme amount of detail, this past Friday afternoon there was a lot of discussions, apparently, between defense counsel and the district attorney Bilbo Mitchell regarding a plea bargain in this case that was scheduled to be tried Monday. At one time defense counsel felt like he had at least a verbal agreement on behalf of the district attorney and acquiesce at least by the Court to a plea bargain but after discussions with the district attorney late somewhere around 5 p.m. Friday the district attorney informed the Court that he had revoked the plea offer and communicated to the defense counsel. And then this morning [October 21, 1994], with the jury being qualified downstairs, the Court indicated that it would not accept any type plea bargain that would result in less than a 20 year mandatory sentence under the habitual offender statute. I don't normally get involved in situations or cases to that

degree, and I'm fully aware of my responsibilities as a circuit judge not to become involved in the negotiation process, and I did not intend to attempt to become involved. I did, however, say that I would not accept as a judge any type plea bargain that would result in less than 20 year mandatory sentence.

¶7. Because this issue was not raised in Foster's petition for post-conviction relief, its consideration is procedurally barred. In addition, the judge's previous statements were disclosed on the record prior to Foster's pleading guilty. Foster did not object or ask the trial judge to recuse. Rather, Foster proceeded to enter his guilty plea, thereby waiving any objection to the trial judge's hearing the plea. *See Banana v. State*, 635 So. 2d 851, 853 (Miss. 1994) (McRae, J.) (where trial judge disclosed previous service as District Attorney for appellant's indictment and arraignment, the appellant "waived this issue by entering his voluntary plea of guilty"). *See also Wells v. State*, 698 So. 2d 497, 514 (Miss. 1997) ("*Any* claim is waived for failure to raise a contemporaneous objection.") (emphasis added) (citing *Ballenger v. State*, 667 So. 2d 1242, 1272 (Miss. 1995); *Davis v. State*, 660 So. 2d 1228, 1245 (Miss. 1995); *Chase v. State*, 645 So. 2d 829, 854 (Miss. 1994); *Hansen v. State*, 592 So. 2d 114, 139-40 (Miss. 1991)). For these reasons, consideration of this matter on appeal is precluded.

## C. WHETHER THE LOWER COURT SUBJECTED THE APPELLANT TO DOUBLE JEOPARDY BY BREACHING ITS ACCEPTANCE OF THE PLEA AGREEMENT; AND IF SO, WHETHER THE APPELLANT IS ENTITLED TO SPECIFIC PERFORMANCE OF THE AGREEMENT?

¶8. Foster contends that the circuit judge breached the plea agreement by sentencing him to twenty years. Foster alleges that, with regard to the grand larceny charge, he offered to plead guilty in exchange for five years in prison, but not as an habitual offender. This argument is belied by the record, which indicates that Foster agreed to the sentence of five year in prison as an habitual offender on the grand larceny charge (as well as to the combined sentence of twenty years as an habitual offender on both charges). Therefore, Foster's argument on this point fails, because it is contradicted by the record.

## D. WHETHER THE APPELLANT ENTERED A VOLUNTARY PLEA OF GUILTY?

¶9. Foster also argues that his guilty plea was not voluntary. Because Foster did not raise this issue in his petition for post-conviction relief, its consideration is precluded on appeal. *Berdin v. State*, 648 So. 2d 73, 80 (Miss. 1994).

## E. WHETHER THE APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL BEFORE AND DURING HIS GUILTY PLEA HEARING AND SENTENCING HEARING?

¶10. Foster's final contention is that he was denied effective assistance of counsel based on his attorney's failure to object to a) the indictment, b) the habitual offender portion of the sentence, and c) the judge's alleged participation in plea discussions. Foster also argues that his attorney improperly advised him to plead guilty. These claims were not raised before the trial judge, and their consideration is, therefore, procedurally barred on appeal. *Patterson v. State*, 594 So. 2d 606, 609 (Miss. 1992); *Connell v. State*, 691 So. 2d 1004, 1007 (Miss. 1997).

¶11. However, even if this Court were to consider Foster's arguments on the merits, they would fail. The standard for reviewing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and is well-settled. *Strickland* requires the appellant to prove (1) that defense counsel's performance was deficient, and (2) that he was prejudiced by counsel's deficient performance. *Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994).

¶12. The "defense counsel is presumed competent and the burden of proving otherwise rests on [the appellant]." *Hansen*, 649 So. 2d at 1258; *Taylor v. State* 682 So. 2d 359, 363 (Miss. 1996) (defendant must prove both prongs of the *Strickland* test). "[T]his Court bases its decisions as to whether counsel's efforts were effective on the totality of the circumstances surrounding each case." *McQuarter v. State*, 574 So. 2d 685, 687 (Miss. 1990). This Court's scrutiny of defense counsel's performance is highly deferential. *See Hansen*, 649 So. 2d at 1259.

¶13. Even if defense counsel's performance could have been considered deficient, Foster has demonstrated no prejudice in this case. Foster's indictment was curable by amendment. *See Brandau*, 662 So. 2d at 1054-55. Moreover, if Foster had been convicted by a jury, he could have been sentenced to life in prison without parole. By pleading guilty, Foster (age 28) received a combined sentence of twenty years in jail. Therefore, Foster's arguments regarding the habitual offender portion of the sentence and the fact that he was allowed to plead guilty are without merit.

¶14. In addition, with regard to the trial judge's alleged involvement in the plea negotiations, Foster has demonstrated no prejudice. This is especially true when one considers the potential impact of the judge's statements on Foster's decision to plead guilty. Regardless of the State's recommendation, the trial judge has great discretion in sentencing. Yet, Foster knew how the trial judge felt about sentencing, prior to the entry of the plea. Therefore, the trial judge's disclosure was actually advantageous to Foster in this situation. Given the totality of the circumstances and the highly deferential standard of review of claims involving assistance of counsel, Foster's argument fails.

### III. CONCLUSION

¶15. The issues raised by Foster on appeal are procedurally barred and/or without merit. For this reason, the trial court's denial of post-conviction relief is affirmed.

¶16. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PITTMAN, P.J., ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND BANKS, J. WALLER, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶17. I dissent. Because the record before the Court is insufficient to make a determination regarding the circuit judge's involvement in Foster's plea negotiations, I would remand this case for a full hearing on the issue.

¶18. Foster alleges that the circuit judge in this case improperly became involved in his plea discussions prior to an agreement being reached and prior to a plea of guilty to grand larceny. Foster asks this Court to apply the "plain error" rule, since he did not raise this argument in his motion for post conviction relief. The majority concludes that this failure to object should act as a procedural bar.

> While a trial judge must control the sentencing phase of a criminal trial and has the responsibility and duty of approving or disapproving a recommendation by the prosecutor, **he should never become involved, or participate, in the plea bargaining process.** He must remain aloof from such negotiations. The trial judge always must be circumspect and unbiased, at all times displaying neutrality and fairness in the trial, and consideration for the constitutional rights of the accused.

*Fermo v. State*, 370 So. 2d 930, 933 (Miss. 1979). *See also* URCCC 8.04(B)(4); Uniform Criminal Rule of Circuit Court Practice 4.03(2)(1994) ("The trial judge shall not participate in any plea discussion. . . .After a recommended disposition on the plea has been reached, the trial judge may have made known to him the recommendation and the reasons for the recommendation prior to the acceptance of the plea."). Similarly, the Federal Rules of Criminal Procedure preclude federal judges from participating in plea discussions. Fed. R. Crim. P. 11(e)(1) ("[t]he court shall not participate in any such [plea negotiation] discussions."). The Fifth Circuit has explained why this preclusion must be treated as a "bright-line" rule.

> First and foremost, it serves to diminish the possibility of judicial coercion of a guilty plea, regardless of whether the coercion would cause an involuntary, unconstitutional plea. Second, such involvement "is likely to impair the trial court's impartiality. The judge who suggests or encourages a particular plea bargain may feel a personal stake in the agreement...and may therefore resent the defendant who rejects his advice." Third, "judicial participation in plea discussions creates a misleading impression of the judge's role in the proceedings. 'As a result of his participation, the judge is no longer a judicial officer or a neutral arbiter. Rather, he becomes or seems to become an advocate for the resolution he has suggested to the defendant.'"

*United States v. Miles*, 10 F.3d 1135, 1139 (5th Cir. 1993)(internal citations omitted).

¶19. Foster alleges that Judge Larry Roberts became involved in the plea discussions prior to their conclusion and discussion in open court. Assistant District Attorney Dan Angero spoke about the plea negotiations at the plea hearing.

> This morning we had further discussions about it, and we attempted to do a -- to enter into an agreement regarding these charges where the defendant would have a mandatory seventeen and a half years. That was my understanding of what the district attorney had agreed to on Friday. In the interest of trying to honor what his understanding and his intent was on Friday we offered

that to the defense if it was all right with the court. Mr. Druhet [Foster's attorney] indicated he would take it. We had some discussions with the Court, and the Court said it would approve such a plea bargain. . .

Judge Larry Roberts, at the same plea hearing, echoed Angero's statement.

Without going into an extreme amount of detail, this past Friday afternoon there was a lot of discussions, apparently, between defense counsel and the district attorney Bilbo Mitchell regarding a plea bargain in this case that was scheduled to be tried Monday. At one time defense counsel felt like he had at least a verbal agreement on behalf of the district attorney and acquiesce at least by the Court to a plea bargain but after discussions with the district attorney late somewhere around 5 p.m. Friday the district attorney informed the Court that he had revoked the plea offer and communicated to the defense counsel. And then this morning [October 21, 1994], with the jury being qualified downstairs, the Court indicated that it would not accept any type plea bargain that would result in less than a 20 year mandatory sentence under the habitual offender statute. **I don't normally get involved in situations or cases to that degree, and I'm fully aware of my responsibilities as a circuit judge not to become involved in the negotiation process, and I did not intend to attempt to become involved. I did, however, say that I would not accept as a judge any type plea bargain that would result in less than 20 year mandatory sentence.**

¶20. The majority cites several cases, including ***Banana v. State***, 635 So. 2d 851 (Miss. 1994), for the proposition that Foster waived any right to object to the trial judge's participation. However, Foster has suggested review of this issue under the "plain error" doctrine. "Plain error" occurs when it is established that an error not raised previously affects fundamental rights. ***Gray v. State***, 549 So. 2d 1316, 1321 (Miss. 1989). The important factors here are the impact that the trial judge's participation had on Foster's decision to plead guilty and the concern that Foster's rights may have been compromised by the trial judge's possible violation of URCCC 8.04(B)(4).

¶21. There is some question as to the level of the circuit judge's involvement in negotiation of Foster's plea. Because of that, I would remand this case for a full hearing on whether the judge violated Uniform Criminal Rule of Circuit Court Practice 4.03(2). Whether the court below finds that the rule was violated or not violated, it may enter an order to that effect.

**SULLIVAN, P.J., AND BANKS, J., JOIN THIS OPINION.**