## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CP-01227-SCT

*ROY ROBINSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/1998 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/9/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 09/30/99 |

### BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

### BANKS, JUSTICE, FOR THE COURT:

¶1. This Court is faced with the issue of whether the petitioner, Roy Robinson, who pled guilty to felony escape, is entitled to post conviction relief on the grounds that his sentence exceeded the maximum allowed by law because the indictment against him did not specify which of several escape statutes he was charged with violating. We conclude that Robinson's claim is based on a mistaken belief that the statute under which he was charged imposed a maximum sentence of two (2) years, as opposed to five (5) years; when, in fact, both statutes under which Robinson claims that he could have been charged carry a five (5) year maximum sentence. Accordingly, we affirm the dismissal of the petition for post conviction relief.

### I.

¶2. Roy Robinson was arrested on a felony charge of attempted arson. On September 6, 1996, while the attempted arson case was pending, Robinson attempted to escape from the jail, but failed. On October 11, 1996, Robinson was transported to the Clay County Courthouse to be arraigned on the attempted arson charge and the attempted escape charge. While waiting in the courthouse witness room, Robinson jumped out of a second story window and escaped. He was apprehended a short time thereafter.

¶3. Robinson waived the indictment and pled guilty to a charge, by criminal information, of felony escape.

During the hearing on Robinson's petition to plead guilty, the circuit court judge ascertained that Robinson was pleading guilty freely and voluntarily, which included informing Robinson that he faced a maximum sentence of five (5) years and a maximum fine of $10,000. Since Robinson could only read a little bit, his attorney went over everything in his petition to plead guilty with him, and Robinson stated that he understood the petition and that the petition was correct. Robinson also stated that he understood the charge, the constitutional rights that he was giving up, and the maximum possible penalty. Finally, Robinson stated that his guilty plea was the result of his own free will.

¶4. Pursuant to a plea agreement, the circuit court granted the State's motions to retire to the file the attempted arson and the attempted escape charges that Robinson was facing. The circuit court, upon the recommendation of the State, sentenced Robinson to serve five years on the felony escape conviction and to pay a $500 fine.

¶5. Robinson filed a petition for post conviction relief claiming that his sentence exceeded the maximum authorized by law. Robinson argues that, because the indictment charging him with attempted escape did not set out the statute under which he was charged and because Mississippi has more than one escape statute, he was entitled to be charged under the statute imposing the lesser penalty. Robinson states that the statute under which he should have been charged, Miss. Code Ann. § 97-9-49 (Supp. 1981), carries a maximum penalty of two (2) years in the State penitentiary or one (1) year in the county jail. Robinson also claims in his petition for post conviction relief that he was afforded ineffective assistance of counsel because his attorney failed to address the issue of which escape statute he was charged with violating.

¶6. The circuit court dismissed the petition for post conviction relief on the grounds that Robinson waived indictment and elected to proceed on a criminal information and because Robinson failed to make a timely objection to the indictment. The circuit court further found that the sentence and the fine were authorized by law. The circuit court did not address, however, Robinson's ineffective assistance of counsel claim.

## II.

### a.

¶7. Robinson recognizes that he was sentenced under § 97-9-49, but claims that this statute carries a maximum sentence of two (2) years, while § 97-9-45 (1994), carries a maximum sentence of five (5) years. However, the statute under which Robinson was charged, § 97-9-49 (1994) and § 97-9-45, carry the same maximum sentence. The circuit court sentenced Robinson under Miss. Code Ann. § 97-9-49 (1) (1994), which provides that:

> (1) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the state of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemeanor, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.

While, § 97-9-45 provides in pertinent part:

> If any person sentenced to the Mississippi Department of Corrections for any term shall escape or attempt to escape from his particular unit or camp of confinement or the boundaries of the penitentiary as a whole, or shall escape or attempt to escape from custody before confinement therein, he shall, upon conviction, be punished by imprisonment in such prison for a term not exceeding five (5) years, to commence from and after the expiration of the original term of his imprisonment as extended in consequence of such escape or attempted escape.

> . . . .

Section 97-9-49 was amended in 1983 to provide for a five (5) year maximum penalty, as opposed to two (2) years. Robinson escaped on October 11, 1996, and it is clear that the version of amendment to § 97-9-49 would apply. Thus, regardless of which statute is used to sentence Robinson, he is still subject to a maximum sentence of five (5) years. Robinson does not claim that he is not guilty of escape or that he should not have been sentenced under one of the above statutes. He merely erroneously relies on a prior version of § 97-9-49 in claiming that he is entitled to a lesser sentence. Therefore, this assignment of error is without merit.

### b.

¶8. Even though Robinson does not reassert his ineffective assistance of counsel claim on appeal, we address the issue because it was not addressed by the circuit court and because it was addressed in the State's Brief.

¶9. In order to prevail on a claim of ineffective assistance of counsel an appellant has the burden of overcoming the presumption that an attorney acted competently. *Foster v. State*, 716 So. 2d 538, 541 (Miss. 1998). The appellant must prove that the attorney's performance was deficient and that such deficient performance was prejudicial to the defendant. *Id.* Here, Robinson does not claim that he is not guilty of felony escape. Robinson was also facing an attempted arson charge and an attempted escape charge. His attorney engaged in plea negotiations on Robinson's behalf which resulted in the attempted arson and the attempted escape charges being retired to the file in exchange for Robinson's plea of guilty on the felony escape charge. Prior to pleading guilty, Robinson's attorney informed him of the maximum sentence and of the charges. Robinson stated that he understood both. Robinson asserts no facts which support a finding that he received less than competent representation.

¶10. Even if Robinson's attorney acted deficiently, there is no indication that Robinson was prejudiced as a result. As previously discussed, regardless of which statute Robinson was charged under, he would have been subjected to a five (5) year maximum sentence. This assignment of error is without merit.

### CONCLUSION

¶11. For these reasons, the circuit court's judgment dismissing Robinson's petition for post conviction relief is affirmed.

¶12. **DISMISSAL OF PETITION FOR POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, SMITH, MILLS,**

**WALLER AND COBB, JJ., CONCUR.**