# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CP-01285-SCT

*ROBERT E. TUBWELL*

*v.*

*DON GRANT, WARDEN, D.C.F., JAMES V. ANDERSON, COMMISSIONER OF CORRECTIONS, STATE OF MISSISSIPPI AND ANN BOYD, ASSISTANT WARDEN, D.C.F.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/24/1998 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/13/2000 |
| MOTION FOR REHEARING FILED: | 02/02/2000; denied 3/30/2000 |
| MANDATE ISSUED: | 4/6/2000 |

## BEFORE PRATHER, C.J., McRAE AND WALLER, JJ.

## McRAE, JUSTICE, FOR THE COURT:

¶1. On June 4, 1998, Robert E. Tubwell filed a petition in the Circuit Court of Leflore County, Mississippi praying for a writ of habeas corpus for his discharge from the Delta Correctional Facility arguing that he was transferred from a state-run prison to a privately run facility without his permission. According to his petition, the Mississippi Department of Corrections effectively waived jurisdiction when Tubwell was transferred, and he should therefore be released with the remainder of his sentence discharged. The Circuit Court of Leflore County dismissed Tubwell's complaint as frivolous and imposed sanctions. Aggrieved by its decision, Tubwell appeals to this Court. Finding no fault in the circuit court's denial of Tubwell's petition and imposition of sanctions, nor in Judge Evans decision not to recuse himself, we affirm.

I.

¶2. In Tubwell's petition for writ of habeas corpus, he argues that the private facility was not abiding by all MDOC policies and procedures resulting in injury to him in regards to court cases; failure to allow personal property allowed by MDOC and failure to abide by phone lists and visitor lists approved by MDOC. However, a detailed account was not found in Tubwell's petition for writ of habeas corpus and thus not considered by Judge Evans in his order.

¶3. On June 24, 1998, Circuit Court Judge Gray Evans entered an order denying petition for writ of habeas

corpus. Judge Evans held that the MDOC is authorized by the Mississippi Legislature to contract with various corporations to house inmates. Judge Evans wrote that when the sentencing judge puts an inmate in the custody of the MDOC, the management and housing of prisoners is an administrative function of the Department of Corrections over which neither the courts of this State nor the federal courts have any jurisdiction absent the violation of some constitutional guarantee or right.

¶4. Judge Evans dismissed Tubwell's complaint as frivolous, pointing out that Tubwell had already been barred by the U.S. District Courts from filing any further petitions in the Fifth Circuit Court of Appeals. Tubwell had also been fined and sanctioned in the Sunflower County Circuit Court. Judge Evans held that until such time as Tubwell paid a $50 fine and court costs from a prior fine he was barred "from filing any other action in any Court in the Fourth Circuit Court District of Mississippi except any cause that may involve his personal safety." Tubwell later appealed the decision and filed a Motion to Reconsider Order Denying Habeas Corpus Petition or for Order Requiring Compliance with Policies and Court Orders Applicable to MDOC which was denied. It was in this motion that Tubwell produced a more exhaustive list of complaints in regard to his treatment at the privately run prison facility. Tubwell now appeals Judge Evans' decision to this Court.

### I. WHETHER THE CIRCUIT COURT JUDGE ERRED IN FAILING TO RECUSE HIMSELF FROM THE CASE SUA SPONTE IN LIGHT OF THE JUDGE'S PREJUDICE AGAINST APPELLANT.

¶5. Tubwell argues that Judge Gray Evans should have recused himself from this case sua sponte since he had done just that in two prior cases, including one criminal case due to the fact that Tubwell had at one time filed and prosecuted a civil action against Evans. Tubwell further states that Judge Evans's order in this case shows his "personal animosity" toward him.

¶6. The State rebuts by claiming that the fact that Judge Evans has recused himself on two prior occasions involving Tubwell should not automatically raise the presumption that he should have recused himself from the instant case. The State contends that, since Judge Evans has not hesitated in the past to recuse himself from cases involving Tubwell, he must have felt that he could rule on this case in an impartial and unbiased manner.

¶7. The law surrounding the recusal of a judge in Mississippi is well settled. Under Canon 3 of the Code of Judicial Conduct, an appellate court, in deciding whether a judge should have disqualified himself from hearing a case uses an objective standard. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." *Jenkins v. Forrest County Gen. Hosp.*, 542 So.2d 1180, 1181 (Miss.1988). "The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application." *Collins v. Joshi*, 611 So.2d 898, 902 (Miss.1992). This Court presumes that a trial judge is qualified and unbiased, and this presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption. *Bredemeier v. Jackson*, 689 So.2d 770, 774 (Miss.1997). When a judge is not disqualified under the constitutional or statutory provisions the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion. *Buchanan v. Buchanan*, 587 So.2d 892, 895 (Miss. 1991).

¶8. Tubwell failed to object or file a motion asking for Judge Evans to recuse himself. This argument was not raised until his appeal, which procedurally bars Tubwell from arguing the issue in this case. Over the

years, this Court has been quick to point out that it will not allow a party to take his chances with a judge about whom he knows of grounds for recusal and then, after he loses, file his motion. *Buchanan*, 587 So.2d at 892. Where the party knew of the grounds for the motion or with the exercise of reasonable diligence may have discovered those grounds, and where that party does not move timely prior to trial, the point will be deemed waived. *Ryals v. Pigott*, 580 So.2d 1140, 1175-76 (Miss.1990); *City of Biloxi v. Cawley*, 332 So.2d 749, 750 (Miss.1976); *McCune v. Commercial Publ'g Co.*, 148 Miss. 164, 172, 114 So. 268, 269 (1927). This Court has consistently held that failing to object to a trial judge's appearance in a case can result in a waiver. *Foster v. State*, 716 So.2d 538, 540 (Miss. 1998); *Banana v. State*, 635 So.2d 851, 853 (Miss. 1994)(where trial judge disclosed previous service as District Attorney for appellant's indictment and arraignment, the appellant "waived this issue by entering his voluntary plea of guilty"). *See also Wells v. State*, 698 So.2d 497, 514 (Miss. 1997)("Any claim is waived for failure to raise a contemporaneous objection.").

¶9. As a result of Tubwell's untimely objection, this assignment of error fails.

## II. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT THE COMPLAINT WAS FRIVOLOUS AND IN IMPOSING SEVERE SANCTIONS ON APPELLANT.

¶10. Tubwell's second argument involves the lower court's finding that his complaint was frivolous and warranted sanctions. Tubwell argues that his constitutional rights were violated when he was transferred from Parchman to a private prison facility over his objection and that he had a liberty interest in remaining at Parchman because the conditions at the private facility were more restrictive and onerous[1] than the conditions at the state prison, resulting in unusual and significant hardships.

¶11. This Court employs a de novo standard of review for dismissals of actions on the pleadings pursuant to M.R.C.P. 12. See *Young v. State*, 731 So.2d 1120, 1122 (Miss. 1999). In order to warrant the imposition of Rule 11 sanctions, a claim must not only be without merit, it must also be frivolous. *Tricon Metals & Servs., Inc. v. Topp*, 537 So.2d 1331, 1335 (Miss.1989) (citing *Dethlefs v. Beau Maison Dev. Corp.*, 511 So.2d 112, 118 (Miss.1987)).

¶12. "A pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." *Milliken & Michaels Inc., v. Fred Netterville Lumber Co.*, 676 So.2d 266, 270 (Miss. 1996)(quoting *Tricon Metals & Servs., Inc. v. Topp*, 537 So.2d 1331, 1335 (Miss.1989). Rule 11 sanctions are used as a barrier and enforcer in hopes of keeping frivolous suits at a minimum because they impose unnecessary costs on individuals, the courts, and the public as a whole. *Milliken*, 676 So.2d at 270.

¶13. Looking to the facts of the case at hand, Tubwell has been sanctioned before by this Court as a writwriter for filing frivolous lawsuits. See *Ivy v. Merchant*, 666 So.2d 445, 451-52 (Miss. 1995). In *Ivy*, Tubwell was sanctioned as a writwriter and legal assistant for abusing the judicial system in helping another inmate bring frivolous lawsuits. This Court put its foot down on prisoners filing frivolous briefs, sanctioning Tubwell and holding that:

> Pro se petitioners have a greater capacity than most to disrupt the fail allocation of judicial resources than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations- -filing fees and attorney fees- -that deter other litigants from filing frivolous petitions.

*Ivy*, 666 So.2d at 451 (quoting *In Sindram*, 498 U.S. 177, 180, 111 S.Ct. 596, 597-98, 112 L.Ed.2d 599 (1991).

> We cannot allow rampant, frivolous filings to clog up a judicial system replete with meritorious claims. If petitioners such as Ivy continue to abuse the privilege of filing in forma pauperis, then it is quite possible they may lose it altogether for certain filings . . .

*Ivy*, 666 So. 2d at 451.

¶14. This Court's past experiences with Tubwell allowed us to presume that he possessed the knowledge to determine the difference between a frivolous lawsuit and one deserving merit:

> Robert Tubwell has some 20 years of experience as a writwriter in the Mississippi Department of Corrections Legal Assistance Office and stands in the position of an attorney to the inmates at the penitentiary. We are familiar with Tubwell's work and recognize that he is a proficient writwriter and most capable of distinguishing a meritorious claim from a frivolous one, such as this.

*Ivy*, 666 So. 2d at 452.

¶15. Pursuant to Miss. Code Ann. § 47-4-1 (Supp. 1999), the MDOC has explicit authority to house state inmates at D.C.F. and other private facilities within this state. Tubwell's claim of a liberty interest in the less restrictive conditions at Parchman is frivolous. Any conditions Tubwell was subjected to at the D.C.F. fell within the parameters of his sentence imposed by a court of law and do not present the type of atypical deprivation in which a State might conceivably create a liberty interest.

¶16. Tubwell cites *Scruggs v. Saterfiel*, 693 So.2d 924, 927 (Miss. 1997) for the proposition that "(T)hough a case may be weak or light headed, that is not sufficient to label it frivolous." However, Tubwell's petition fails to cite any constitutional guarantee or right which has been violated. Even the claims of hot temperatures, used clothing, and unlicensed barbers are not mentioned until after Judge Evans had made his decision to deny the petition. Therefore, this assignment of error also fails.

II.

¶17. We find no fault with the circuit court's denial of Tubwell's petition and imposition of sanctions. There is no evidence that Judge Evans committed reversible error in dismissing Tubwell's petition and ordering sanctions. It was also not an abuse of discretion for Judge Evans to refrain from recusing himself, especially since no such motion was timely filed by Tubwell. Therefore, we affirm the judgment of the Circuit Court of Leflore County.

¶18. **AFFIRMED.**

> ## PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.

1. Inmates assigned to such facilities are not permitted, due to the lack of space, to maintain the following according to Tubwell: (a) legal materials sufficient to permit adequate litigation in pending post-conviction or civil rights action; (b) electronic typewriters to prepare legal materials; (c) personal television sets; (d) personal fans; (e) accessibility to adequate medical services; and (f) was permitted less family visiting

privileges.