# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CP-00232-SCT

***ROBERT E. TUBWELL***

***v.***

***JAMES V. ANDERSON, COMMISSIONER OF CORRECTIONS***

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/1998 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | JAMES M. NORRIS |
| | JANE L. MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 8/17/2000 |
| MOTION FOR REHEARING FILED: | 9/22/2000; denied 1/18/2001 |
| MANDATE ISSUED: | 1/25/2001 |

**BEFORE PRATHER, C.J., SMITH AND DIAZ, JJ.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## INTRODUCTION AND STATEMENT OF THE CASE

¶1. Robert E. Tubwell ("Tubwell") is an inmate incarcerated in the custody of the Mississippi Department of Corrections ("MDOC"). Tubwell is well known to this Court in his role as a prison writwriter and as a filer of frivolous lawsuits and appeals.[1] In fact, this Court recently dismissed as frivolous an appeal by Tubwell from a ruling which, as will be seen, is related to the appeal in the present case. ***Tubwell v. Grant***, 2000 WL 19921 (Miss. Jan 13, 2000).[2]

¶2. The present appeal arises from the MDOC's revocation of Tubwell's earned "good time" credits pursuant to the mandate of Miss. Code Ann. § 47-5-138 (Supp. 1999), following the dismissal as frivolous of various lawsuits filed by Tubwell. Arguing that this statute is unconstitutional and that his good time credits were improperly revoked, Tubwell has appealed to this Court.

## DISCUSSION

**I. Whether forfeiture of earned time, pursuant to Miss. Code Ann. § 47-5-138(3)(a) through § 47-5-138(3)(c) is unconstitutional where such statute contains no provisions to permit the indigent inmate to appeal such order *in forma pauperis* and where permission to proceed with such an appeal, *in forma pauperis*, is not permitted by law and is routinely denied.**

¶3. The present appeal arises from the revocation of "good time" credits earned by Tubwell following the dismissal as frivolous of various lawsuits filed by Tubwell. Included among these lawsuits is one recently considered by this Court on appeal. In *Tubwell v. Grant*, Tubwell filed suit to prevent the MDOC from moving him to a private prison facility without his consent or permission. The trial court dismissed this suit as frivolous, and this Court recently affirmed, finding that:

> (T)he MDOC has explicit authority to house state inmates at D.C.F. and other private facilities within this state. Tubwell's claim of a liberty interest in the less restrictive conditions at Parchman is frivolous.

*Tubwell v. Grant*, 2000 WL 19921 at 4.

¶4. The record in the present appeal also contain other trial court rulings dismissing as frivolous lawsuits filed by Tubwell.[3] In *Tubwell v. Lee*, Tubwell filed suit seeking to be upgraded from "B to A custody," which suit the trial judge found to be without merit and frivolous. In *Tubwell v. Anderson*, Tubwell filed suit again, making what the circuit judge characterized as "random and frivolous" allegations regarding his confinement. In *Tubwell v. Moody*, the circuit judge dismissed as frivolous a "Motion for Contempt Citation and Sanctions or for Order Allowing Case to Proceed Without ARP."

¶5. Following each of these dismissals, the MDOC revoked 120 days of good time credits earned by Tubwell, as required by statute, and Tubwell thus was faced with a total forfeiture of 480 days good time credit. Section 47-5-138 provides that the MDOC "shall" forfeit an inmate's good time credit in the event that a "final order" is issued dismissing a lawsuit filed by the inmate as "frivolous, malicious or for failure to state a claim upon which relief could be granted." The statute provides in pertinent part that:

> (3)(a) For the purposes of this subsection, "final order" means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.

> (b) On receipt of a final order, the department shall forfeit:

> (i) Sixty (60) days of an inmate's accrued earned time if the department has received one (1) final order as defined herein;

> (ii) One hundred twenty (120) days of an inmate's accrued earned time if the department has received two (2) final orders as defined herein;

> (iii) One hundred eighty (180) days of an inmate's accrued earned time if the department has received three (3) or more final orders as defined herein.

¶6. Tubwell's primary argument on appeal is that Miss. Code Ann. § 47-5-138 is unconstitutional and that his good time credits were therefore improperly revoked. Tubwell initially argues that § 47-5-138 is unconstitutional in that it contains no provision for an inmate to file an in forma pauperis appeal from a ruling ordering the forfeiture of a prisoner's earned good time credits. This argument is without merit. A review of prior decisions of this Court and of the United States Supreme Court provide no support for Tubwell's assertion of a constitutional right to appeal in forma pauperis from a dismissal as frivolous of a condition of

confinement lawsuit.

¶7. In ***Moreno v. State***, 637 So.2d 200 (Miss. 1994), this Court interpreted Miss. Code Ann. § 47-5-76 as requiring the Department of Corrections to pay for an indigent inmate's court costs in condition of confinement lawsuits only at the trial, rather than the appellate, level. Such being the case, it can not validly be contended that § 47-5-138 is unconstitutional because it provides inmates with no automatic right to file in forma pauperis appeals in suits which have been deemed by a trial court to be frivolous. Given that this Court has held that no such right exists with regard to non-frivolous lawsuits, it would clearly be irrational for this Court to hold the statute unconstitutional for failing to provide a right to appeal in forma pauperis in cases in which the lawsuits have been dismissed as frivolous.

¶8. Nevertheless, it should be noted that trial judges retain the power to grant inmates leave to file in forma pauperis appeals, even though § 47-5-138 does not require them to do so. The record in the present appeal reveals that Tubwell, having secured leave from a circuit judge, is filing the present appeal in forma pauperis. While Tubwell's well documented history of filing frivolous lawsuits and appeals might reasonably give a trial judge pause before permitting such in forma pauperis appeals in the future, the present appeal demonstrates that judges do retain this power. This point of error is without merit.

> **II. Whether forfeiture of earned time, and consequential elongating of actual time in prison, is unconstitutional and violative of the Sixth Amendment to the United States Constitution where such non-redemptory action is taken without first affording the indigent inmate the right to be represented by counsel.**

¶9. Similarly without merit is Tubwell's argument that § 47-5-138 is unconstitutional in that it contains no provision granting inmates a right to counsel in appealing a revocation of good time credits under the statute. Tubwell cites no authority which supports his arguments, and his arguments therefore carry very little weight. In a related context, this Court has held that a right to the assistance of paid counsel in post conviction appeals[4] exists only in death penalty cases. *__Jackson v. State__*, 732 So.2d 187, 190 (Miss. 1999); See also *__Murray v. Giarratano__*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (no federal right to appointed counsel in post-conviction proceedings). Given that this Court has not required paid assistance of counsel in non-capital post-conviction appeals, it can not reasonably be contended that § 47-5-138 is unconstitutional for failing to provide a right of counsel for appeals from inmate lawsuits which have been dismissed as frivolous. This argument is without merit.

> **III. Whether forfeiture of earned time, pursuant to Miss. Code Ann. § 47-5-138(3)(a) through § 47-5-138(3)(c) (Supp. 1998) is unconstitutional where such statute, or the policy and procedure used by appellee, fails to provide the inmate with a due process forfeiture hearing under the requirements of the Fourteenth Amendment to the United States Constitution.**

¶10. Tubwell next argues that he was unconstitutionally deprived of a due process hearing in the present case. A review of applicable authority does not support Tubwell's arguments in this regard. In *__Wolff v. McDonnell__*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court held that due process requires certain procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits. However, the U.S. Supreme Court has made it clear that this protection is rather limited, both with regard to procedural and substantive evidentiary requirements.

¶11. Where a prison disciplinary hearing may result in the loss of good time credits, the Supreme Court in *Wolff* held that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S., at 563-67, 94 S.Ct., at 2978-80.

¶12. In a later decision, the U.S. Supreme Court held that a revocation of good time credits does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by "some evidence" in the record. *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The Supreme Court expressly declined to adopt a more stringent evidentiary standard as a constitutional requirement, holding that:

> Revocation of good time credits is not comparable to a criminal conviction ... and neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), nor any other standard greater than some evidence applies in this context.

*Hill*, 472 U.S. at 454.

¶13. It is apparent that Miss. Code Ann. § 47-5-138 provides much greater procedural protections than those which are typically found in extra-judicial prison revocation proceedings of the type discussed by the U.S. Supreme Court in *Wolff* and *Hill*. Section 47-5-138 only provides for a revocation of good time credits in the event that a "final order" is issued dismissing the prisoner's lawsuit. As noted *supra*, the statute defines "final order" as "an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted." § 47-5-138(3)(a). Thus, it is apparent that an inmate is only subjected to a loss of good time credits in the event that a state or federal court first considers the inmate's lawsuit and dismisses it as "frivolous, malicious or for failure to state a claim upon which relief could be granted."

¶14. The level of due process which has been afforded to Tubwell in the present context is illustrated by the fact that, as noted earlier, this Court has recently considered one of the very motions filed by Tubwell, which motion resulted in his loss of good time credits. Specifically, in *Tubwell v. Grant*, 2000 WL 19921, this Court affirmed the dismissal as frivolous of a habeas corpus motion filed by Tubwell, in which he complained that the MDOC had transferred him to a private prison facility without his consent. It can not validly be contended that Tubwell has been deprived of his right to due process, and this argument is without merit.

> **IV. Whether forfeiture of earned time, pursuant to Miss. Code Ann. § 47-5-138(3)(a) through § 47-5-138(3)(c) is unconstitutional ex post facto law where such statutory provisions were enacted and passed after the accreditation of the earned time which the statute forfeits and where the statute is more onerous than any earned time forfeiture statute in effect at the time of the commission of the crime or at the time of the accumulation of the earned time.**

¶15. Tubwell next argues that § 47-5-138 constitutes an unconstitutional ex post facto law, as applied to the present case. Specifically, Tubwell argues that the statute unconstitutionally deprives him of good time

credits which he earned prior to the effective date of the statute. This argument is without merit.

¶16. The U.S. Supreme Court has held that the Ex Post Facto clause is "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' " *California Dep't of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990)). The United States Constitution "forbids the application of any new punitive measure to a crime already consummated ..." *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 81 L.Ed. 1182 (1937). A statute may violate the Ex post facto Clause "even if it alters punitive conditions outside the sentence ... [or where it] substantially alters the consequences attached to a crime already completed, and therefore changes 'the quantum of punishment.' " *Weaver v. Graham,* 450 U.S. 24, 32-33, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981) (quoting *Dobbert v. Florida*, 432 U.S. 282, 293-94, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977)).

¶17. The record reveals that Tubwell filed the lawsuits which were later dismissed as frivolous *after* the July 1, 1996 effective date of § 47-5-138. As such, the punitive measures set forth in the statute only applied to actions taken by Tubwell after the effective date of the statute. The fact that the effect of the statute is to deprive Tubwell of good time credits which he earned prior to the effective date of the statute is, in the view of this Court, irrelevant. In the view of this Court, a revocation of good time credits earned prior to effective date of a statute is no more improper than the forfeiture of a car or other such property purchased prior to the effective date of a statute providing for such a forfeiture. This point of error is without merit.

> **V. Whether Miss. Code Ann. § 47-5-138(3)(a) through § 47-5-138(3)(c) is unconstitutional law where it applies to and is directed toward a certain class individuals, inmates, and whether such intentional discriminatory application of the statute violates the equal protection clause of the Fourteenth Amendment of the United States Constitution?**

¶18. Tubwell next argues that §  47-5-138 is unconstitutional in that it violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This argument is without merit. Contrary to Tubwell's assertions, neither prison inmates nor indigents constitute a "suspect" class entitled to heightened scrutiny under the Equal Protection Clause. *See Harris v. McRae*, 448 U.S. 297, 323, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980) (indigents); *United States v. King*, 62 F.3d 891, 895 (7th Cir.1995) (prisoners). Therefore, the statute does not violate the Equal Protection Clause so long as it is "rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976) (per curiam).

¶19. It is clear that the State has a legitimate interest in seeing that its courts are not overburdened with frivolous litigation, and we conclude that §  47-5-138 is rationally related to that interest. *See Roller v. Gunn*, 107 F.3d 227, 233-34 (4th Cir.1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1286-87 (6th Cir.1997). As such, the statute does not violate the Equal Protection Clause, and this point of error is without merit.

> **VI. Whether forfeiture of earned time is unconstitutional where such forfeiture is carried out without additional instructions or approval of the court and where it is arguably taken by appellee as retribution against the indigent inmate for seeking judicial intervention against appellee and his agents for alleged mistreatment, misconduct, illegal actions, or because the indigent inmate challenged MDOC agency policy?**

¶20. Tubwell next raises an objection to the manner in which the trial court processed the orders revoking his earned time credits. Specifically, Tubwell argues that the "forfeiture of Appellant's earned time was carried out by MDOC without any prior written instructions from the court concerning whether to forfeit Appellant's earned time." Tubwell argues that the MDOC only learned of the dismissals based on its status as a party to the litigation and Tubwell suggests that this fact, if true, somehow renders the forfeiture of earned time invalid.

¶21. Tubwell's argument is lacking in both supporting evidence in the record and in any citation to legal authority. As discussed *infra*, the record reveals that the circuit judge did in fact issue final orders dismissing various actions filed by Tubwell as frivolous. It is both unclear and, in the view of this Court, irrelevant whether the MDOC learned of these dismissals through its status as a party to the lawsuits or through being forwarded a copy of the dismissals by the clerk. The fact remains that the lawsuits were in fact dismissed as frivolous through the issuance of "final orders," thus implicating the provisions of § 47-5-138. This argument is without merit.

> **VII. Whether the forfeiture of earned time, pursuant to Miss. Code Ann. § 47-5-138(3)(a) through § 47-5-138(3)(c), was improper where the various orders rendered by the court were not final and, therefore, did not invest the appellee with the authority to forfeit earned time under such statute?**

¶22. Tubwell next argues that the MDOC improperly forfeited his earned time, given that the orders dismissing his lawsuits were not "final orders" within the meaning of § 47-5-138. Section 47-5-138 defines the term "final order" as follows:

> (3)(a) For the purposes of this subsection, "final order" means an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.

A review of the orders dismissing Tubwell's actions in the present appeal indicates that the dismissals were, in fact, final orders as defined by statute. In each of the orders, the trial court dismisses the lawsuit filed by Tubwell and expressly finds that the suit was frivolous. The MDOC did not err in revoking Tubwell's good time credits following the entry of these final orders against Tubwell, and his point of error is without merit.

> **VIII. Whether the circuit court erred in denying the habeas corpus petition without an evaluation, finding of fact, or conclusion of law on the claims and without conducting an evidentiary hearing.**

¶23. Tubwell finally argues that the circuit court erred in denying his "habeas corpus" petition without conducting an evidentiary hearing. However, Tubwell is unable to cite any disputed issues of fact in the present case which require an evidentiary hearing. Indeed, the present appeal presents issues which are either purely issues of law or which can be decided based upon the written record before this Court. There is no indication that the trial court's resolution of this case would have been furthered by an evidentiary hearing, and this point of error is without merit. The judgment of the trial court is accordingly affirmed.

¶24. **AFFIRMED.**

> **PITTMAN AND BANKS, P.JJ., SMITH, MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. Tubwell is also well known to the federal courts in this State: Tubwell's repeated filing of frivolous appeals led the Fifth Circuit to prohibit him from filing any further appeals with that court.

2. In an earlier case, Tubwell was sanctioned by this Court for abusing the judicial system by helping another inmate bring frivolous lawsuits. *Ivy v. Merchant*, 666 So.2d 445, 451-52 (Miss.1995).

3. Although the present appeal is styled solely as an appeal in the *Tubwell v. Anderson* case, Tubwell's arguments are considerably broader, implicating the constitutionality of Miss. Code Ann. § 47-5-138 as well as asserting error in the other cases dismissed as frivolous.

4. This Court in *Jackson* noted that, in PCR cases, "(i)f an evidentiary hearing is required the judge may appoint counsel for a petitioner who qualifies for the appointment of counsel under section 99-15-15, Mississippi Code of 1972." Miss.Code Ann. § 99-39-23(1)(1994)(emphasis added). Nothing in the UPCCRA requires that one seeking relief be furnished counsel, either at the trial level or on appeal." *Jackson*, 732 So.2d at 190.