KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶31. Roger Dale Latham received no notice that he might be held in constructive criminal contempt, thus he had no reason to seek recusal of the trial judge. Therefore, I respectfully dissent.
 

 ¶32. The waiver rule does not and cannot apply when the defendant is without notice that he or she is at risk of being held in constructive criminal contempt, and no decision of this Court holds otherwise. Constructive criminal contempt proceedings address "actions [that] are committed beyond the presence of the court."
 
 Purvis v. Purvis
 
 ,
 
 657 So.2d 794
 
 , 797 (Miss. 1994). As such, and as noted by this Court in
 
 In re McDonald
 
 ,
 
 98 So.3d 1040
 
 , 1044 (Miss. 2012), defendants in constructive criminal contempt proceedings are "entitled to certain due-process safeguards, including the recusal of [the trial court] and notice of the specific criminal charges against them."
 

 ¶33. The majority relies on two decisions of this Court that are plainly distinguishable. The majority first cites this Court's opinion in
 
 Tubwell v. Grant
 
 for the proposition that Tubwell's failure to object to the judge's ruling on his case resulted in his waiving his recusal objection.
 
 Tubwell v. Grant
 
 ,
 
 760 So.2d 687
 
 (Miss. 2000). However,
 
 Tubwell
 
 has nothing to do with a judge's exercise of his contempt powers without notice. The trial court dismissed the prisoner's complaint as frivolous and noted that the prisoner already had been barred by the United States District Courts from filing any additional petitions in the United States Court of Appeals for the Fifth Circuit.
 

 Id.
 

 On appeal, Tubwell asserted that the trial judge should have recused himself from deciding the issue on the merits. This Court held that because Tubwell had failed to object contemporaneously or to file a motion for the trial court to recuse, Tubwell had waived such an objection.
 

 Id.
 

 at 689
 
 . However, at no time was constructive criminal contempt an issue, nor was Tubwell found in contempt.
 

 ¶34. The majority also cites
 
 In re Hampton
 
 ,
 
 919 So.2d 949
 
 , 957 (Miss. 2006), which involved an attorney who filed a petition for a writ of prohibition and then failed to appear at the scheduled hearing. After the trial court asked the attorney why she had missed a hearing about which she repeatedly had been reminded, the attorney failed to take responsibility for her conduct and suggested that the trial court was to blame for the confusion.
 

 Id.
 

 at 953
 
 . As a result, Hampton was held in direct criminal contempt.
 

 Id.
 

 at 954
 
 . This case has no application to the present case because Hampton was found guilty of
 
 direct
 
 criminal contempt. Acts of direct criminal contempt "may be handled by the sitting judge instantly."
 

 Id.
 

 at 956
 
 (quoting
 
 Terry v. State
 
 ,
 
 718 So.2d 1097
 
 , 1104 (Miss. 1998) ). In both
 
 In re McDonald
 
 ,
 
 98 So.3d 1040
 
 (Miss. 2012), and
 
 Corr v. State
 
 ,
 
 97 So.3d 1211
 
 (Miss. 2012), neither defendant sought the contemporaneous recusal of the trial court at the contempt hearing. Regardless, in both cases, this Court found that, because the matter concerned constructive criminal contempt, "the chancellor was required to recuse himself[.]"
 
 In re McDonald
 
 ,
 
 98 So.3d at
 
 1045 ;
 
 Corr
 
 ,
 
 97 So.3d at 1215
 
 .
 

 ¶35. The only issue of which Roger Dale Latham had notice was civil contempt. As stated in Michele Ann Latham's Petition for Contempt,
 

 13
 

 Michele requests that Roger be adjudicated in contempt of this Court and that he shall suffer such punishment as this Court deems proper
 
 until he has purged himself of contempt.
 

 ....
 

 14
 

 ....
 

 Moreover, Roger's actions constitute willful and contumacious contempt of this Court, and, therefore, this Court should award Michele attorney's fees and all costs of court. Wherefore, premises considered, the Petitioner, Michele Ann Latham, prays that this her Petition for Contempt be received and filed and that upon a hearing hearof this Court will grant the following relief:
 

 (c) require Roger
 
 to purge himself of contempt
 
 by abiding by the terms of this Court's January 20, 2017 Order;
 

 (d) require Roger
 
 to purge himself of contempt
 
 by abiding by all of the terms of the provisions of the Judgment of Divorce and Martial Dissolution Agreement;
 

 (e) require Roger
 
 to purge himself of contempt
 
 by paying Michele the $25,000 owed to her according to the terms of the Marital Dissolution Agreement;
 

 (f) require Roger
 
 to purge himself of contempt
 
 by paying Michele her share of recovery from the BP claim;
 

 (g) require Roger
 
 to purge himself of contempt
 
 by paying Michele his 65% of the minor children's medical, doctor, hospital, optical, counseling, dental, opthalmic, orthodontic, psychological, psychiatric, vision and prescription drug expenses which are not reimbursed by insurance.
 

 ....
 

 (i) and for such other relief as which she may be entitled.
 

 (Emphasis added.)
 

 ¶36. Civil contempt actions seek only to compel the contemnor to compliance with what he or she was ordered to do. "In civil contempt cases, the contemnor can discharge the contempt by 'paying the costs and expenses and doing what he had previously refused to do.' ... In other words, 'he carries the keys of his prison in his own pocket.' "
 
 Common Cause of Miss. v. Smith
 
 ,
 
 548 So.2d 412
 
 , 415 (Miss. 1989).
 

 This principle was reinforced in
 
 Purvis
 
 , in which this Court held,
 

 If the primary purpose is to enforce the rights of private party litigants, or to enforce compliance with a court order, the contempt is civil. One may be jailed or fined for civil contempt[;] however, the contemnor must be relieved of the penalty when he performs the required act.
 

 Purvis
 
 ,
 
 657 So.2d at 796-97
 
 .
 

 ¶37. For indirect criminal contempt, we require notice of the charges, a statement of the specific conduct alleged to be contemptuous, and a hearing.
 
 Corr
 
 ,
 
 97 So.3d at
 
 1216 ;
 
 Moulds v. Bradley
 
 ,
 
 791 So.2d 220
 
 , 225 (Miss. 2001) ("Without notice of [constructive] criminal contempt sanctions, [the accused's] due process rights were violated.");
 
 [3]
 

 Purvis
 
 ,
 
 657 So.2d at 798
 
 ("constructive contempt requires a specification of charges, notice and a hearing.")
 

 ¶38. Further, the transcript plainly shows that the judgment for constructive criminal contempt was the independent act of the trial court. Here, the chancellor's own comments at the contempt hearing reveal that his involvement was substantial. Upon finding Roger Dale Latham in criminal contempt, the chancellor explicitly stated his reasoning for doing so:
 

 The Court:
 
 The Lathams have been litigating before this Court for quite some time
 
 . They were divorced in February of 2016, and they had a sizeable estate, but you see over here all people are the same.
 

 ...
 

 The Court: It's very clear to this Court
 
 that Mr. Latham has demonstrated a cavalier attitude towards the judgments of this Court, and therefore, to the Court itself.
 
 It is without a doubt disconcerting to this Court
 
 when someone just obviously and for no good reason disobeys the judgment of this Court which has the force of law.
 

 (Emphasis added.)
 

 ¶39. Upon being asked for clarification by defense counsel, the Chancellor clarified his reasoning for finding Roger in criminal contempt, as opposed to a lesser sentence:
 

 [Defense]: If I may ask a question, Your Honor?
 

 The Court: Yes, sir.
 

 [Defense]: What I think I'm hearing you say is 72 hours in jail regardless? No matter what?
 

 The Court: Regardless. No - no get out of jail free card. He goes immediately to the Rankin County jail for 72 hours.
 
 And if he comes back here having violated this Court's judgment again, I'm not going to be so lenient with him. He's going to spend ten days in full and he's probably going to get a good bit more.
 

 [Defense]: Yes, sir.
 

 The Court: I'm tired of this. There's no need in it. It has been ridiculous having to address all these issues
 
 which were so plainly stated in the prior judgments of this Court.
 

 (Emphasis added.)
 

 ¶40. In matters of constructive criminal contempt, a trial judge's recusal is mandatory. As this Court held in
 
 Corr
 
 , "[w]e conclude that the contempt proceedings were for constructive [ ] criminal contempt, and, therefore, the chancellor was required to recuse himself from the contempt proceedings and issue Rule 81 process giving [the accused] notice of the criminal
 charges against them."
 
 Corr
 
 ,
 
 97 So.3d at
 
 1216 ;
 
 see also
 

 In re McDonald
 
 ,
 
 98 So.3d at 1045
 
 ("[T]he chancellor was required to recuse himself and to issue [ Rule 81 ] summonses to the [d]efendants giving them notice of the criminal contempt charges against them.").
 

 ¶41. For these reasons, I respectfully dissent.
 

 KING, J., JOINS THIS OPINION.
 

 In the federal system, the Fifth Circuit Court of Appeals also has held that, "[f]or notice of criminal contempt to be valid, it should indicate the criminal nature of the proceeding."
 
 In re Rumaker
 
 ,
 
 646 F.2d 870
 
 , 873 (5th Cir. 1980).